**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

| | |
|---|---|
| **TIMOTHY E. STAPLETON,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| **v.** | )          **Civil Action No. 5:05-0755** |
| | ) |
| **CHARLES FELTS,** | ) |
| **Warden, FCI Beckley,** | ) |
| | ) |
| **Respondent.** | ) |

**PROPOSED FINDINGS AND RECOMMENDATION**

On September 13, 2005, Petitioner, acting *pro se* and formerly incarcerated at FCI Beckley,[1] filed an Application for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241 and a Memorandum in Support.[2] (Document Nos. 1 and 2.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.) For the reasons set forth below, the undersigned respectfully recommends that Petitioner's Application he construed as a Motion under 28 U.S.C. § 2255 and as such dismissed as filed beyond the one year period of limitations specified at 28 U.S.C. § 2255(f).

**FACT AND PROCEDURE**

Petitioner was charged initially along with others by Indictment filed on March 26, 1999,

---

[1]  The Bureau of Prisons' Inmate Locator indicates that Petitioner was released on January 30, 2007.

[2]  Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

with conspiring to distribute and possess with the intention of distributing marijuana in violation of 21 U.S.C. § 846 and conspiring to launder money in violation of 18 U.S.C. § 1956(h). (Criminal No. 3:99-0062, Document No. 1.) It appears that Petitioner retained attorney Michael J. Curtis to represent him and Mr. Curtis withdrew on May 5, 1999, as Petitioner retained Robert L. Templeton as his attorney. (Id., Document No. 79.) A Superseding Indictment was filed on May 19, 1999, charging Petitioner with the offenses initially charged and further charging him and others with maintaining a place for distributing and using marijuana in violation of 21 U.S.C. § 856 and distributing and possessing marijuana with the intention of distributing it in violation of 21 U.S.C. § 841(a)(1). (Id., Document No. 91.) On August 16, 1999, Petitioner pled guilty to conspiring to distribute and possess with intention to distribute marijuana in violation of 21 U.S.C. § 846, and to money laundering in violation of 18 U.S.C. § 1956(h). (Id., Document No. 227.) On January 14, 2000, the District Court sentenced Petitioner to a 108 month term of imprisonment on each count to run concurrently to be followed by a five year term of supervised release. (Id., Document No. 356.) Mr. Templeton timely filed a Notice of Appeal in Petitioner's behalf on January 24, 2000. (Id., Document No. 365.) On February 15, 2000, the Fourth Circuit Court of Appeals entered a Briefing Order. (Id., Document No. 382.) Mr. Templeton filed three Motions to Modify Briefing Order, and all were granted by the Fourth Circuit. (Document No. 2, Exhibits A, B, C and D.) Accordingly, the time for filing briefs was extended until August 28, 2000. (Id., Exhibit E.) Apparently, Mr. Templeton did not file a brief even then, and on October 16, 2000, the Fourth Circuit dismissed Petitioner's appeal for failure to prosecute pursuant to the Fourth Circuit's Local Rule 45. (Criminal No. 3:99-0062, Document No. 435.) Subsequently, Petitioner requested a docket sheet from the Fourth Circuit and inquired as to the status of his appeal. On June 25, 2003, the Clerk of the Fourth Circuit notified

Petitioner that his appeal had been dismissed based upon Mr. Templeton's failure to file a brief as directed by the Court's briefing Order. (Document No. 2, Exhibit A-2.)

Evidently, Petitioner filed a complaint with the Kentucky Bar Association on September 25, 2003, that Mr. Templeton had failed to process his  appeal and failed to notify Petitioner that his appeal had been dismissed. (Id., Exhibit K, p. 4, ¶ 14.) By Opinion and Order entered on December 16, 2004, the Supreme Court of Kentucky found Mr. Templeton guilty of three counts of professional misconduct in conjunction with representing Petitioner in the appeal of his conviction and sentence in Criminal No. 3:99-0062 and one count of failing to comply in the processing of the disciplinary proceedings. Specifically, the Supreme Court of Kentucky found that, in the handling of Petitioner's appeal in Criminal No. 3:99-0062, Mr. Templeton violated the Rules of Professional Conduct by (1) failing to act with reasonable diligence and promptness in representing a client, (2) failing to make reasonable efforts to expedite litigation consistent with the interest of the client, (3) failing to keep a client reasonably informed about the status of a matter and promptly complying with reasonable requests for information, and (4) knowingly failing to respond to a lawful demand for information from an admission or disciplinary authority. For his failures in representing Petitioner in the appeal of his conviction and/or sentence in the Fourth Circuit, the Supreme Court of Kentucky ordered Mr. Templeton's suspension from the practice of law for five years and continuing thereafter until the Kentucky Supreme Court entered an order reinstating him. (Id., Exhibit L.) Petitioner points out that this was not the first time Mr. Templeton had been suspended from the practice of law for professional misconduct. It appears from documents attached to Petitioner's Memorandum in Support in this case that the Supreme Court of Kentucky suspended Mr. Templeton's license to practice law for a one year period beginning on December 21, 2000. (Id.,

Exhibit J, p. 2.) Thus, the undersigned notes, it appears that Mr. Templeton was entitled to practice law throughout the period of time while Petitioner's appeal was pending though he may have been involved in disciplinary proceedings in Kentucky prior to the Fourth Circuit's October 16, 2000, dismissal of Petitioner's appeal. Next, as a consequence of his failings in representing others, Mr. Templeton's license was suspended for a two year period on August 21, 2003, for (1) violations of his duty of diligent representation, (2) violations of his duties upon termination of representation, and (3) the prohibition against conduct involving dishonesty, fraud, deceit, or misrepresentation. (Id., Exhibit J, pp. 8 - 9.)     Though it appears that Petitioner learned in June, 2003, that Mr. Templeton had failed to process the appeal of his conviction and/or sentence in the Fourth Circuit and commenced proceedings in the Supreme Court of Kentucky about three months later in September, 2003, Petitioner did not initiate proceedings in this District Court until September 13, 2005, when he filed his Section 2241 Petition now before the Court in this case alleging ineffective assistance of counsel. (Document Nos. 1 and 2.) Petitioner contends that his attorney was ineffective based upon his failure to process his appeal before the Fourth Circuit, which resulted in the dismissal of the appeal. (Document No. 2, p. 4.) Petitioner states that he "is presenting his claim in the instant Petition, because 28 U.S.C. § 2255 is inadequate in regard to testing the legality of his detention." (Id., pp. 1 - 2.) Petitioner acknowledges that he "is barred from presenting his claim" under Section 2255 because it is beyond the one year period of limitation as set forth at 28 U.S.C. § 2255(f) and candidly states that he "humbly avers that the Sentencing Court could construe his actions as less than diligent . . ." (Id., pp. 2 - 3.) Petitioner nevertheless basically urges that he should be allowed to proceed under Section 2241 because he was unaware of the one year statute of limitations period

for filing a Section 2255 Petition[3], and he was not informed of the dismissal of his appeal until June

25, 2003. Specifically, Petitioner states that "[i]n the summer of 2003 the Petitioner became aware

of his appeal being dismissed, but being of limited legal knowledge, and minimal education, he did

not know that he had a one year deadline to file a motion under 28 U.S.C. § 2255." (Id., p. 5.) Under

Section 2241, therefore, Petitioner claims that Mr. Templeton was ineffective in representing him

on appeal and "requests that his appellate rights be restored and that he be allowed to pursue his

appeal by right of the United States Court of Appeals for the Fourth Circuit, or, in the alternative that

[he] be released from his unlawful detention . . . ." (Id., p. 11.) Petitioner gives little indication what

issues he would raise on appeal if he had the opportunity. Petitioner mentions the United States

Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435

(2000), as "relevant to the issues that counsel had indicated that he would advance on appeal." (Id.,

---

[3] Since Congress' enactment of the Antiterrorism and Effective Death Penalty Act of 1996,
28 U.S.C. § 2255(f) has contained a one year limitation period as follows:

A 1-year period of limitation shall apply to a motion under this section. The
limitation period shall run from the latest of –

(1)    the date on which the judgment of conviction becomes final;

(2)    the date on which the impediment to making the motion created by
government action in violation of the Constitution or laws of the United
States is removed, if movant was prevented from making a motion by such
government action;

(3)    the date on which the right asserted was initially recognized by the Supreme
Court, if that right has been newly recognized by the Supreme Court and
made retroactively applicable to cases on collateral review; or

(4)    the date on which the facts supporting the claim or claims presented could
have been discovered through the exercise of reasonable diligence.

p. 5.)[4]

## **DISCUSSION**

Applications under 28 U.S.C. § 2255 are the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000)("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va. 2001). The Fourth Circuit has stated that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this Circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 Motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." In re Jones, 226 F.3d at 333 - 334. Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Motion. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979).

The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that

---

[4] In *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490, 120 S.Ct. at 2362 - 2363. The statutory maximum which the District Court could impose in view of Petitioner's plea of guilty was twenty years in prison. Petitioner's 108 month sentence did not exceed the maximum penalty authorized in view of his plea of guilty. Accordingly, Petitioner cannot claim an entitlement to relief under *Apprendi*.

prescribed under Section 2255. Rather, Section 2241 applies to circumstances factually quite different from those properly considered under Section 2255. While the validity of Petitioner's conviction and/or sentence is in issue under Section 2255, matters pertaining to Petitioner's "commitment or detention" are properly the subject under 28 U.S.C. § 2241. See 28 U.S.C. § 2242. Thus, in addition to those very narrow circumstances under which Section 2255 is "inadequate and ineffective" as discussed above, issues arising out of the allegedly unlawful or incorrect computation of Petitioner's sentence and resulting in an unconstitutional restraint upon his liberty are properly considered under 28 U.S.C. § 2241. Allegations that a federal conviction or sentence is invalid are therefore appropriately considered under Section 2255, and allegations respecting the execution of a federal sentence are properly considered under Section 2241. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

In order to be cognizable under Section 2255, claims based on other than constitutional or jurisdictional grounds must present exceptional circumstances that justify permitting a collateral attack. Stated another way, the alleged error must amount to "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). Section 2255 is not a substitute for direct appeal. United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Accordingly, errors warranting a reversal on direct appeal will not necessarily support a collateral attack. Knight v. United States, 37 F.3d 769, 772 (1st Cir.1994). See United States v. Addonizio, 442 U.S. 178, 184, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). Failure to raise an issue presented in sentencing on direct appeal which is non-constitutional

7

in nature amounts to a waiver of the right to contest the issue in Section 2255 proceedings. See United States v. Emanuel, 869 F.2d 795 (4th Cir. 1989).

With respect to issues which are constitutional in nature, absent a showing of good cause for and prejudice from failing to appeal as may be shown by a defendant in criminal proceedings, Section 2255 is no substitute, and the failure precludes Section 2255 review. Theodorou v. United States, 887 F.2d 1336, 1339-40 (7th Cir. 1989)("[A]bsent a showing of cause and prejudice, a defendant is barred from raising any constitutional challenge in a section 2255 proceeding which could have been raised on direct appeal."); United States v. Essig, 10 F.3d 968, 979 (3d Cir. 1993); See also United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994), cert. denied, 517 U.S. 1161, 116 S.Ct. 1555, 134 L.Ed.2d 657 (1996). The standard is conjunctive. As a general matter, therefore, movants must show good cause for and prejudice from their failure to raise any constitutional issues advanced under Section 2255 on direct appeal. See Theodorou, supra, 887 F.2d at 1340. Constitutional claims of ineffective assistance of counsel are the exception. They are more properly raised in Section 2255 proceedings and not on direct appeal. United States v. Richardson, 195 F.3d 192 (4th Cir. 1999), cert. denied, 528 U.S. 1096, 120 S. Ct. 837, 145 L.Ed.2d 704 (2000).

Petitioner's claim that Mr. Templeton was ineffective in representing him on appeal is properly a matter for consideration under Section 2255, not Section 2241. Petitioner essentially asserts that Mr. Templeton violated his constitutional right to effective assistance of counsel by failing to process the appeal of his conviction and/or sentence. Petitioner urges the District Court to restore his right to challenge his conviction and/or sentence on appeal. If the District Court did so, he would presumably raise issues on appeal impacting the validity of his conviction and /or sentence. Thus, his claim clearly falls within the scope of Section 2255 and beyond that properly contemplated under Section 2241. In view of his claim, Petitioner has not demonstrated and cannot

demonstrate that Section 2255 was "inadequate or ineffective" such that he should be entitled to resort to Section 2241. Petitioner's claim must therefore be considered under Section 2255. See Williams v. Felts, 2008 WL 2324607 (S.D.W.Va.)(District Judge Johnston). Because Petitioner did not initiate proceedings under Section 2255 prior to September 13, 2005, when he filed his Application in this case, his Application as construed under Section 2255 is his first and should be considered on the merits unless procedurally barred. Unfortunately, as Petitioner recognized when he filed his Application in this case, he is barred from proceeding upon his claims under the one year limitation period of Section 2255(f). Viewing the circumstances in Petitioner's favor and assuming under Section 2255(f)(4) that he could not have discovered by reasonable diligence that Mr. Templeton had abandoned him on appeal until he was advised of it by the Office of the Clerk of the Fourth Circuit Court of Appeals in June, 2003, Petitioner nevertheless did not file his Application in this case until September 13, 2005, nearly two years and three months after he learned about it. Thus, Petitioner's claims are procedurally barred. Looking nevertheless briefly to the merits of Petitioner's claim that Mr. Templeton was ineffective in representing him on appeal, the undersigned notes as District Judge Harwell has stated recently in Bright v. South Carolina, 2006 WL 2827708, * 3 (D.S.C.), that when a violation of the Rules of Professional Conduct has no causal relationship to the representation of a defendant in criminal proceedings, "[t]he Fourth Circuit has rejected a *per se* rule that counsel is ineffective due to the fact he is under investigation at the time of the entry of a guilty plea and subsequently disbarred." See also Padgett v. United States, 302 F.Supp.2d 593, 603- 604 (D.S.C. 2004), appeal dismissed, 119 Fed.Appx. 440 (4th Cir. 2005). In Petitioner's case, on December 16, 2004, four years and two months after Petitioner's appeal was dismissed (October 16, 2000), Mr. Templeton was suspended from practicing law for five years for his failure to process

Petitioner's appeal. Had these circumstances occurred and been brought to the District Court's attention soon after the dismissal of Petitioner's appeal, the undersigned finds that the District Court might have found that Mr. Templeton was *per se* ineffective in failing to process Petitioner's appeal and restored Petitioner's right to appeal his conviction and/or his sentence. Had the District Court done so, the Fourth Circuit would have examined the record of the proceedings in Criminal No. 3:99-0062. Having become somewhat familiar with the proceedings against Petitioner in Criminal No. 3:99-0062, and noting in particular the resolution of those matters through Petitioner's plea of guilty to charges that he engaged in a drug conspiracy and money laundering and the determination of Petitioner's sentence under the United States Sentencing Guidelines, the undersigned has not found any error which might invalidate Petitioner's conviction or sentence. In any event, the undersigned finds that Petitioner is foreclose in these collateral proceedings under the applicable period of limitation as set forth at 28 U.S.C. § 2255(f).

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Application for Writ of Habeas Corpus by a Person in Federal Custody Pursuant to 28 U.S.C. § 2241 (Document No. 1.) and **REMOVE** this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28,

United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have thirteen (13) days from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Johnston, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner at his current residence as the undersigned has learned it through the Office of Probation as follows:

> Mr. Timothy Stapleton
> 4161 Stinson Road
> Grayson, Kentucky 41143

Date: July 28, 2008.

R. Clarke VanDervort
United States Magistrate Judge